AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Oregon

| | | |
|---|---|---|
| United States of America<br>v.<br>Timothy Shaw Lair<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | 1:19-mj-00217-CL<br>Case No.  1:19-mc-952 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____11/13/2019_____ in the county of _____Curry_____ in the _____ District of _____Oregon_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 2252A(a)(2) | Receipt of child pornography |
| 18 USC Section 2252A(a)(5)(B) | Possession of child pornography |

This criminal complaint is based on these facts:

The attached affidavit of _____Travis R. Gluesenkamp_____, which is incoporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Travis R. Gluesenkamp, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/14/19__

_____
*Judge's signature*

City and state: _____Medford, Oregon_____        Mark D. Clarke, U.S. Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss: AFFIDAVIT OF TRAVIS R. GLUSENKAMP

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Travis R. Gluesenkamp, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.     I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since July of 2008. I am currently assigned to the FBI office in Medford, Oregon. I completed five months training at the FBI Academy in Quantico, Virginia, where I learned the skills necessary to conduct federal criminal investigations, including investigating crime scenes, interviewing witnesses and suspects, and writing reports and affidavits. I have five years of experience working Domestic Terrorism Matters which included investigations into bombings, white powder letters, Sovereign Citizen Extremists, and Militia Extremists. I have three years of experience as an Airport Liaison Agent where I handled all crimes aboard aircraft matters at the Portland International Airport. I investigated and indicted several individuals for sexual assault, sexual assault on a minor, indecent exposure, and interference with flight crew members and other violations of federal law.

2.     I submit this affidavit in support of a criminal complaint and arrest warrant for Timothy Shaw Lair, date of birth XX/XX/1984 for violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B) receipt and possession of child pornography. As set forth below, there is probable cause to believe, and I do believe, that Timothy Shaw Lair received and possessed visual depictions of minors engaging in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252A(a)(2), and 2252A(a)(5)(B).

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in

this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

4.     Title 18, United States Code, Section 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

5.     Title 18, United States Code, Section 2252A(a)(5)(B) prohibits knowingly possessing, or knowingly accessing with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; shall be punished as provided in subsection (b).

## Background on Child Pornography

6.     I know, based on my training and experience, and based on conversations I had with other law enforcement personnel who investigate child exploitation offenses, that people who have a sexual interest in children, including people who collect and trade in child pornography, often receive sexual gratification from images and video clips depicting the sexual exploitation of children. They may

**Page 2 – Affidavit of Travis R. Glusenkamp**                            **USAO Version Rev. April 2018**

also use such images and videos to lower the inhibitions of children who they wish to sexually abuse. Such people maintain their collections of child pornography in safe, secure, and private locations, such as their residence, and on computers and digital storage media under their direct control. Such people often maintain their collections, which are considered prized possessions, for long periods of time, and prefer not to be without their collections for any prolonged period of time.

## Statement of Probable Cause

7. Special Agent Travis R. Gluesenkamp submitted to the Honorable Magistrate Judge Mark D. Clarke on November 12, 2019, at 2:30 p.m. an affidavit in support of a warrant to search the premises of 23368 Mack Arch Rd., Gold Beach, Oregon, which was granted.

8. On November 13, 2019, at approximately 0700, law enforcement officers with the FBI and Curry County Sheriff's office entered 23368 Mack Arch Rd., Gold Beach, Oregon, pursuant to a Federal Search Warrant. While securing the residence, law enforcement encountered one locked bedroom door, hereafter referred to as room "C." Law Enforcement located the owner of the residence, a male whose identity is known to me and is referred to hereafter as RC. RC was found in RC's bedroom, hereafter referred to as room "B." RC was interviewed by law enforcement, and he stated an individual named Timothy Shaw Lair, date of birth XX/XX/1984, hereafter referred to as Lair, began living on the property in the spring of 2017. Lair lived in room "C" when he stayed in the residence. Lair currently lives at 94797 South Bank Pistol River Rd. Gold Beach, Oregon. The residence is a double wide trailer on property owned by RC's brother, referred to hereafter as WC.

9. Per statements made by RC, while Lair lived with RC and stayed in room "C," Lair had full access to the desktop computer located in RC's bedroom, room B. Lair created a user profile on the desktop computer under the name "Shadow." Lair also created a user profile on RC's Roku device

under the name "Shadows." The date of creation of the user profile on the computer was in May of 2017. The profile "RJC," used by RC was created in 2016. Per RC, Lair is good with computers, and helped RC access the desktop after RC forgot his password.

10. On the desktop computer, under the user profile of "Shadow" two files containing what law enforcement believe to be to be child pornography, were located. A review of one of the files showed a male attempting to insert his penis in what appeared to be an infant's vagina. Inside the DVD drive of the desktop computer, a DVD was in the drive, which contained two videos of what law enforcement believe to be child pornography involving an infant. The files were burned to the DVD on February 23, 2019. RC stated he doesn't use the DVD player, nor does he know how to burn a DVD.

11. In room C, a laptop was located. A review of the remaining hard drive was conducted by law enforcement, and numerous files with titles indicating it contained child pornography were located. Photos were also observed on the hard drive that appeared to be child pornography. The files were stored under a profile named "Shadow." Per RC, he does not have the key to unlock room C. He has opened the door with a knife to access the room on one occasion to put some magazines on the floor. Lair is the only person that had access to the room and the only one who stayed in the room.

12. Lair was interviewed at the Pistol River Recreation Area parking lot with an approximate address of 24202 Oregon Coast Hwy, Gold Beach, OR. Lair was brought to the interview by Curry County Parole and Probation Deputies Mike Lang and David Denney. Lair was in the back of an SUV Patrol car with his hands cuffed in the front of his body. He was advised he was not under arrest. At approximately 1135, SA Travis R. Gluesenkamp read Lair his Miranda Rights from a FD-395. Deputy Jaired Freeman was present and witnessed the reading of the Miranda Rights to Lair.

13. After being advised of his Miranda Rights, Lair acknowledged he understood and agreed to speak with the interviewing Agent without an attorney present. Lair was advised the FBI had just completed a search warrant at the residence of RC, address 23368 Mack Arch Rd., Gold Beach, Oregon, for possession of child pornography. Lair was advised Agents were aware he had lived at the aforementioned residence for a period of time and he still worked for RC's family. Lair stated he didn't know anything about child pornography.

14. Lair was asked where he stayed when he lived with RC, and he stated he lived in the room next door to RC's (room "C.") He was asked if the door locked and if he had a key, and Lair stated the door was locked and then stammered unintelligibly. Lair was asked if he had a computer, and he stated he used RC's, located in room "B", whenever he wanted to. Lair was informed the FBI had located child pornography on a computer found in room "C," and on the computer found in room "B." Lair stated he did not have a computer.

15. Lair was asked if he would provide consent to search his current residence located at 94797 South Bank Pistol River Rd., Gold Beach Oregon, which is a property owned by RC's brother, WC. He was advised the FBI was currently seeking a search warrant for the property and he would not be allowed to go back to the residence. He stated "yeah" and he has nothing to hide. He mumbled "there is nothing there except some clothes."

16. Lair was asked if he had a specific profile he used on the computer in room "B" or on the Roku device attached to the TV next to the computer, and at first he stated "no" he just used the computer to play games and check the internet. He later stated he did have a separate profile on the computer under the name "shadow." At this time Lair became nervous and invoked his right to counsel. The interview was terminated, and the door to the patrol car was closed.

Page 5 – Affidavit of Travis R. Glusenkamp                USAO Version Rev. April 2018

17. The writer walked away and went to make a telephone call. Approximately three minutes after Lair invoked his right to counsel, Deputy Lang called the writer back to the patrol car and stated Lair wished to speak with the writer. The door was opened and un-prompted by the writer, Lair stated he "has some stuff" and it is on his phone and in his house and it has "kids." The writer stopped Lair and informed him he had invoked his right to counsel, if he wished to speak with law enforcement, he need to make a clear statement he did not want an attorney present and wished to speak with law enforcement again. Lair stated "I don't want an attorney and I want to speak with you." This statement and interaction was witnessed by Deputy Freeman, Deputy Lang, Deputy Denney, and Deputy Maia Mello.

18. Lair stated something to the effect of "I did it, I did it, it was me." Lair was asked how he downloaded the files and he stated he used the computer in RC's bedroom (room "B.") Lair was removed from the patrol car and allowed to smoke two cigarettes. He remained in hand cuffs. Lair was presented with FBI form FD-395, Advice of Rights form, and requested he sign it acknowledging he understood his rights. He was asked to write a statement in his own words acknowledging he invoked his write to an attorney, but then requested to speak to law enforcement on his own volition. He wrote on the bottom of the FD-395 "I asked to have an attorney present. Upon second thought I asked to speak to them," and signed his name. The form was signed at 1143, and witnessed by Deputy Freeman and SA Gluesenkamp.

19. Lair stated he was screwed and we were going to "get it anyway." Liar made a suicidal statement to the effect of "I should have just put a gun to my head." Lair was asked about some pre-pubescent girl's underwear and clothing found in the room "C," and he stated "those are mine, I wear those." Lair was emphatic he has never touched a child and never wanted to. Lair provided law enforcement with the password to his telephone.

Page 6 – Affidavit of Travis R. Glusenkamp                      USAO Version Rev. April 2018

20.     Lair was again asked for consent to search his residence located at 94797 South Bank Pistol River Rd., Gold Beach Oregon. He stated "yeah dude," and "I can show you where the stuff is." Lair was provided with a FD-28 requesting consent to search his residence and Motorola telephone, which was found on his person by Deputies Mike Lang and David Denney. He signed the forms in the presence of SA Gluesenkamp and Deputy Freeman. Lair was advised he could revoke his consent at any time if he did not feel comfortable with the search, and law enforcement would transport him to the site so he could be present for the search.

21.     Lair's Cellular telephone, a Motorola moto g(6) play, IMEI 352164100596251, was accessed and reviewed by law enforcement on site. One video was reviewed that showed a naked pre-pubescent female, approximately 8 to 10 years of age, seated next to a naked white male. The female fondles the white male's penis. Other videos and images of child pornography were observed by law enforcement but were not reviewed due to time constraints and the public nature of the location of the review.

22.     Lair was transported in a patrol car by Deputy Mello and SA Gluesenkamp. During the transport, Lair stated he "don't think about molesting kids, just being that person." Lair stated he is a powerful person and a good fighter and likes the idea of being powerless. He "likes the idea of out of control," and "thinks about being that kid."

23.     Lair stated the door to the residence will be locked, as will his room, but law enforcement can use a knife or screwdriver to get in. Once at his residence, Lair stated the only "stuff," referring to child pornography, he has is three thumb drives that will be located near where he sleeps. He stated one should be red and two of them blue. Four thumb drives were found matching the description

provided. Lair stated one of them should be blank or empty. Lair stated he does not have a computer and has no way to view the files on the thumb drives.

24. A review of the four thumb drives seized from 94797 South Bank Pistol River Rd., Gold Beach, Oregon, located in the location provided by Lair, was conducted by SA Travis R. Gluesenkamp on November 14, 2019. One of the drives, seized item #4, a blue 8 gigabit thumb drive, contained 30 files of child pornography. A cursory review was conducted by SA Travis R. Gluesenkamp, and all of the videos depicted pre-pubescent girls, ranging in age from 5 to 15 years old, engaging in sexually explicit activity by themselves or with adult men.

## Conclusion

25. Based on the foregoing information provided herein, and the previous affidavit in support of a search warrant for 23368 Mack Arch Rd., Gold Beach, Oregon, I have probable cause to believe, and I do believe, that Timothy Shaw Lair received and possessed visual depictions of minors engaging in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252A(a)(2), and 2252A(a)(5)(B). I therefore request that the Court issue a criminal complaint and arrest warrant for Timothy Shaw Lair.

///

///

///

///

///

///

///

26.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Jeffrey Sweet, and AUSA Sweet advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

_____
TRAVIS R. GLUESENKAMP
Special Agent, FBI

Subscribed and sworn to before me this ___14___ day of November, 2019.

_____
MARK D. CLARKE
United States Magistrate Judge