**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Judith R. Harper
Assistant U.S. Attorney
Judi.Harper@usdoj.gov
(541) 776-3564
*Reply to Medford Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 4, 2021

Brian Butler
Attorney at Law
15 Newtown St.
Medford, OR 97501

> Re:    *United States v. Timothy Shaw Lair,* Case No. 1:19-cr-00544-MC
>        Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except as specified herein.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime charges the crime of receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

3.    **Penalties**:  The maximum sentence is 20 years' imprisonment, a 5 year mandatory minimum, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant may be required to pay restitution to any victim of his offenses.  Defendant will also be required to register as a sex offender.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**:  The USAO further agrees to dismiss the remaining count and not to bring additional charges against defendant in the District of Oregon arising out of this

Revised May 2018

Brian Butler
Re: Lair Plea Agreement Letter
Page 2
January 4, 2021

investigation, known to the USAO at the time of this agreement so long as defendant agrees to
remain in custody on this case.

5.     **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the
Indictment, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly received a visual depiction of sexually explicit conduct;

Second, the production involved the use of a minor;

Third, the visual depiction had been shipped in interstate or foreign commerce by any
means, including computer; and

Fourth, the defendant knew that the visual depiction contained child pornography.

Defendant admits he committed the elements of the offense alleged in Count 1 of
Indictment and agrees the following facts are true, can be proved beyond a reasonable doubt, and
are sufficient to support his guilty plea to Count 1 of the Indictment:

On December 25, 2018, law enforcement observed that a certain IP address was
associated with 76 files involving suspected child pornography. Between March 30 and April 8,
2019, law enforcement observed that at the same IP address was associated with 99 files
involving suspected child pornography. FBI determined, through a grand jury subpoena, that the
subscriber to the IP address was AW1, 233 Mack Arch Rd., Gold Beach, Oregon. FBI agents
received a search warrant for the property and served it on November 13, 2019.

Crook said that he had rented a room to Timothy Shaw Lair when Gridcop observed the
child pornography images. Crook said Lair currently lived somewhere else in Gold Beach.
Crook said that when Lair lived at the residence, Lair used Crook's computer and set up a user
profile under the name "shadow." Lair also created a user profile on a Roku device under the
name "shadows." Crook said that Lair was "good with computers."

FBI agents looked at Crook's computer and under the user profile of "shadow" two files
containing child pornography were located. Police also found a DVD in the computer with files
burned from the computer. Crook said he didn't use the DVD player and did not know how to
burn a DVD.

In the room Lair had rented, police found a laptop with child pornography files stored
under the profile name "shadow." Lair was the only person with access to this locked room and
police had to break in to access it.

Revised May 2018

Brian Butler
Re: Lair Plea Agreement Letter
Page 3
January 4, 2021

Police contacted Lair, through his probation officer. Lair had been on probation for a prior juvenile sex offense. Lair initially invoked his right to an attorney but re-initiated contact with police. He said he had nothing to hide and gave consent to search his current residence. He admitted having a profile on Crook's computer under the name "shadow." He told police he has never touched a child and has never wanted to touch a child. He gave consent to search his devices. Police found child pornography videos on his phone. Police seized four thumb drives to be analyzed. During a cursory search, police found child pornography videos on one of the thumb drives.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all of the unlawful conduct detailed in the search warrants and all the child pornography found on digital items seized from his residence. For sentencing purposes, the government believes that the following guideline calculations presently apply in this case:

| | |
|---|---|
| Base offense level [USSG § 2G2.2(a)(2)] | 18 |
| Material involving a prepubescent minor [§ 2G2.2(b)(2)] | +2 |
| Distribution [§ 2G2.2(b)(3)(F)] | +2 |
| Material involving sadistic conduct [§ 2G2.2(b)(4)] | +4 |
| Use of computer [§ 2G2.2(b)(6)] | +2 |
| More than 600 images [§ 2G2.2(b)(7)(D)] | +5 |
| Acceptance of Responsibility | -3 |
| **Adjusted offense level** | **30** |

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Sentencing Recommendation**:  The USAO will recommend a sentence at the low end of the applicable guideline as long as defendant demonstrates an acceptance of responsibility as explained above.

Brian Butler
Re: Lair Plea Agreement Letter
Page 4
January 4, 2021

10.    **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

11.    **Additional Departures, Adjustments, or Variances**:

      A.    Defendant reserves the right to seek a downward variance from the applicable sentencing guidelines range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for any downward variance shall be limited to the sentencing factors listed in 18 U.S.C. § 3553. Defendant understands that there is a mandatory minimum sentence of five years' imprisonment and that any variance may not be below that five-year mandatory minimum term of imprisonment.

      B.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Brian Butler
Re: Lair Plea Agreement Letter
Page 5
January 4, 2021

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the
parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to
motions and arguments by the opposition.

15.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant
must raise any such claim before the district court, either prior to or at sentencing.  If defendant
fails to raise a breach claim in district court, defendant has waived any such claim and is
precluded from raising a breach claim for the first time on appeal.

16.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any
interest or over which defendant exercises control, directly or indirectly, including those held by
a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial
Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature
on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of
perjury, and provide it to both the USAO and the United States Probation Office.  Defendant
agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C.
§ 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant.
Defendant agrees to provide waivers, consents, or releases requested by the USAO to access
records to verify the financial information.  Defendant also authorizes the USAO to inspect and
copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the
Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or
remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

The Court shall order restitution to each victim in the full amount of each victim's losses
as determined by the Court.  Based on the Supreme Court's decision in *Paroline v. United States,*
134 S. Ct. 1710 (2014), restitution may be owed to multiple victims who were in the images and

Revised May 2018

Brian Butler
Re: Lair Plea Agreement Letter
Page 6
January 4, 2021

videos possessed and traded by the defendant. The USAO will provide any restitution requests
that are received to the defense and the Court and make any appropriate request for restitution.

Defendant further understands and agrees that the total amount of any monetary judgment
that the Court orders defendant to pay will be due and payable. Defendant further understands
and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence
which might have originally been imposed if the court determines that defendant has knowingly
and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona
fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the
government may enforce collection of any fine or restitution imposed in this case pursuant to 18
U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified
payment schedule set by the court. Defendant understands that any monetary debt defendant
owes related to this matter may be included in the Treasury Offset Program to potentially offset
defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine
or restitution order is paid in full, defendant must notify the USAO of any change in the mailing
address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. §
3664(k), defendant shall notify the Court and the USAO immediately of any material change in
defendant's economic circumstances that might affect defendant's ability to pay restitution,
including, but not limited to, new or changed employment, increases in income, inheritances,
monetary gifts, or any other acquisition of assets or money.

16.    **Forfeiture Terms**:

**Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily
forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to
18 U.S.C. § 2253, including:
a.       Motorola Cell Phone Moto G-6 Play IMEI-352164100596251
b.       32 GB Micro SD card from Item a with SIM Card
c.       Red PNY Thumbdrive (item 3)
d.       Blue PNY Thumbdrive (item 4)
e.       Red PNY Thumbdrive (item 5)
f.       Blue PNY Thumbdrive (item 6)
g.       ZTE Xell Phone S/N:326E65781B08 from room B
h.       CD-R from Desktop from room B
i.       Desktop HP Pavilion S/N: MXX417020H from room B
j.       Laptop HP SN: CND842QNX from room C, which defendant admits were used to
facilitate defendant's criminal activity.

Brian Butler
Re: Lair Plea Agreement Letter
Page 7
January 4, 2021

A.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

B.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

C.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

BILLY J. WILLIAMS
United States Attorney


*/s/ Judith R. Harper*
JUDITH R. HARPER
Assistant United States Attorney

Brian Butler
Re: Lair Plea Agreement Letter
Page 8
January 4, 2021

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


8/23/21
Date                                                    Timothy Lair, Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/23/21
Date                                                    Brian Butler, Attorney for Defendant


I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.


Date                                                    Interpreter (if necessary)


Revised May 2018