Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon  97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>TIMOTHY SHAW LAIR,<br><br>　　　　　　Defendant | No.  1:19-cr-00544-MC-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>January 31, 2022 at 11:30 a.m. |

Timothy Shaw Lair faces sentencing for Receipt of Child Pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1).  The flawed nature of the child pornography sentencing guidelines, Mr. Lair's unique history and characteristics, the nature and circumstances of the offense, and his extraordinary post-offense rehabilitation, support a finding that a downward variance to the mandatory

Page 1  DEFENDANT'S SENTENCING MEMORANDUM

minimum sentence of **60 months** is "sufficient, but not greater than necessary" to serve the goals of sentencing outlined in 18 U.S.C. § 3553(a).  In fact, even without recognizing the flawed nature of these guidelines, the Presentence Report (PSR) concludes that a 60-month sentence is appropriate.

### The Advisory Sentencing Guidelines Are Greater Than Necessary To Achieve The Goals of Sentencing

The advisory sentencing guidelines analysis contained in the Presentence Report (PSR) is correct, and results in an advisory guidelines range of 97-121 months of incarceration.  However, those guidelines should be given very little weight because they are not based on the Sentencing Commission's characteristic institutional role in relying on national experience and empirical evidence.

Many circuits, including the Ninth Circuit, agree that the child pornography guidelines recommend sentences that are greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a).  *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011); *United States v. Grober*, 624 F.3d 592, 608-09 (3d Cir. 2010); *United States v. Dorvee*, 616 F.3d 174, 184-86 (2d Cir. 2010).

The Sentencing Commission's report to Congress recommended abandoning some of the current § 2G2.2 enhancements that apply routinely to

Page 2  DEFENDANT'S SENTENCING MEMORANDUM

most offenders. The report contains the major findings regarding the sentences imposed under U.S.S.G. § 2G2.2:

> Several provisions in the current sentencing guidelines for non-production offenses – in particular, the existing enhancements for the nature and volume of the images possessed, and offender's use of computer, and distribution of images – originally were promulgated in an earlier technological era. Indeed, most of the enhancements, in their current or antecedent versions, were promulgated when offenders typically received and distributed child pornography in printed form using the United States mail. As a result, enhancements that were intended to apply to only certain offenders who committed aggravated child pornography offenses, are now being applied routinely to most offenders.

U.S. Sent. Comm'n, *Report to Congress: Federal Child Pornography Offenses*, 313 (December 2012) available at http://www.ussc.gov/Legislative_and_Public_ Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Fed eral_Child_Pornography_Offenses/index.cfm(hereinafter "Report").

Among the Sentencing Commission's recommendations to Congress was to abandon "outmoded measures of culpability regarding offenders' collections" that result in enhanced sentences based on the nature and volume of the images possessed, use of the computer, distribution of images and replace it with more relevant factors. Report at p. 321-322.

Thus, it is no longer rational to rely on these outmoded measures of culpability that result in a guideline range that is disproportionate and excessive. The specific offense characteristics for material involving a prepubescent minor, material portraying sadistic or masochistic conduct, use of the computer, and more than 600 images, should be abandoned because these factors exist in nearly every case and do not meaningfully evaluate the seriousness of the offense or the risks posed by the defendant.

Calculating the advisory guidelines without these disfavored enhancements results in a dramatically different range. Starting with a base offense level of 18 (U.S.S.G. § 2G2.2(a)(1)), and subtracting three levels for acceptance of responsibility (U.S.S.G. § 3E1.1(a) and (b)), the total offense level is 15. Based on a criminal history category of III, this results in an advisory guidelines range of **24-30 months**, roughly one half of the mandatory 60-month sentence applicable in this case.

**The Circumstances Of This Offense Are Not Aggravated When Compared To Other Federal Defendants Facing Similar Charges**

Mr. Lair downloaded images of child pornography, and when confronted by law enforcement, readily admitted his conduct. The offense did not involve

distribution or production, and the enhancements noted by the PSR are present in nearly every federal child pornography offense. A charge of receipt is practically indistinguishable from a charge of mere possession in the digital age, and only requires downloading images using a computer.

**Mr. Lair Has Engaged In Extra-Ordinary Post-Offense Rehabilitation**

The United States Supreme Court indicated that post-offense rehabilitation may be "highly relevant" to several of the §3553(a) factors.

> [E]vidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant." §3553(a)(1). Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training . . or other correctional treatment in the most effective manner." §§ 3551(a)(2)(B)-(D); See [United States v.] McMannus, 496 F. 3d. at 853 (Melloy, J., concurring) ("In assessing . . . deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct."). Postsentencing rehabilitation may also critically inform a sentencing judge's duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in §3553(a)(2).

*Pepper v. United States*, 562 U.S. 476, 491 (2011).

As noted in the PSR, upon Mr. Lair's release in December, 2019, he "immediately engaged in substance abuse and mental health counseling, completing treatment in October, 2020." PSR ¶ 16. He has complied with his location monitoring requirements, and reports regularly to his state probation officer and the U.S. Pretrial officer. His only violations while on supervision have been for marijuana use on three occasions, and he readily admitted that conduct.

Mr. Lair has worked consistently as a ranch hand at the Crook Ranch in Gold Beach, Oregon since 2017. PSR ¶ 91. He also works at the Habitat for Humanity Restore. PSR ¶ 92.

**The Mandatory Minimum 60-Month Sentence Is Sufficient**

Under all of these circumstances, a sentence of 60 months is "sufficient, but not greater than necessary" to further the goals of sentencing set in 18 U.S.C. § 3553(a).

Respectfully submitted this 26th day of January, 2022.

>	*/s/ Brian C. Butler*
>	Brian C. Butler
>	Assistant Federal Public Defender