SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
**JUDITH R. HARPER, OSB #903260**
Assistant United States Attorney
Judi.Harper@usdoj.gov
310 West Sixth Street
Medford, OR  97501
Telephone: (541) 776-3604
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:19-cr-00544-001-MC** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TIMOTHY SHAW LAIR** | |
| **Defendant.** | |

Timothy Lair possessed and received child pornography from the internet.  On his digital devices he had a collection of child pornography images and videos.  In total, investigators found 75 images and 61 videos of child pornography.  His collection of child pornography included graphic violent images involving children as young as toddlers, and sadomasochist conduct.  Lair should receive a 97-month sentence.

**Government's Sentencing Memorandum**                                **Page 1**

**Factual Background**

**A.      The Offense Conduct**

In July 2019, McMinnville police contacted the FBI because a certain IP address

associated with an individual, Adult Witness 1 ("AW1"), in Gold Beach, Oregon had

downloaded or uploaded child notable files.  Several of the files involved images of previously

identified victims through National Center for Missing and Exploited Children (NCMEC).

FBI agents obtained a search warrant for AW1 and his residence in Gold Beach.  When

agents served the search warrant on November 13, 2019, AW1 denied any involvement with

child pornography and told police that the defendant, Timothy Lair, had been living at his

property and had full access to his desktop computer.  AW1 said that Lair created a profile using

the name "Shadow."  At the scene, police found 2 files containing child pornography under the

user profile "Shadow."  AW1 led police to a Lair's room and police found what appeared to be

child pornography on a computer in Lair's room.  Police seized multiple digital devices from the

residence.

AW1 told police that Lair was currently living at another residence in the area.  When

agents contacted Liar, he initially denied knowing anything about child pornography.  He denied

having a computer.  When agents asked if he created a user profile named "Shadow" he

terminated the conversation.  A few minutes later, Lair told an officer at the scene, he wanted to

talk to agents.  He told agents that he "did it."  He said he had never touched a child and gave

police consent to search the devices at his present residence.

A forensic examination of all the digital devices revealed child pornography on two

devices.  On a Micro SD card from Lair's cell phone, investigators found 75 child pornography

images and 31 child pornography videos.  On a thumb drive, police found 30 videos of child

pornography.

## B.      The Charges

Lair was charged in a two-count Indictment with Receipt of Child Pornography in

violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1) and Possession of

Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5) and Title

18, United States Code section 2256(8).

## C.      Guideline Computations

The government recommends the following PSR computations:

| Enhancement | Government's Position |
|---|---|
| Base—<br>USSG § 2G2.2 (a)(2) | 18 |
| Specific Offense Characteristics— U.S.S.G. § 2G2.2(b)(2) (Prepubescent minor) | +2 |
| Specific Offense Characteristic—U.S.S.G § 2G2.2(b)(3)(F) (distribution)<br>Specific Offense Characteristics— U.S.S.G. § 2G2.2(b)(4) (Sadistic conduct) Specific Offense Characteristics— U.S.S.G. § 2G2.2(b)(6) (use of a computer)<br>Specific Offense Characteristics— U.S.S.G. § 2G2.2(b)(7)(D) (Over 600 images)<br>Section 3E1.1(a) and (b) | +2<br><br>+4<br><br>+2<br><br>+5<br><br>-3 |
| **Total offense level** | **30** |
| **Resulting Guideline Range** | **97-121 months** |

### Argument

## A.      Contested Guideline Issues

The government is not aware of any contested guideline issues.

## B.      Defendant's Prior Conduct on Supervision

1.    State Supervision

Most of Lair's criminal history occurred before 2009 and appears to be related to drugs. He does have a juvenile adjudication involving a sex offense.  He also has several convictions in 2015 and 2016 related to theft.  Lair was on probation at the time of this offense.  He has never served a significant prison or jail sentence.

2.    Pretrial Release

Lair has done well on supervised release.  He has had two positive UAs for marijuana but has otherwise been compliant.  He engaged in mental health and substance abuse treatment since being released from custody on this case.

**C.    Child Exploitation Crimes**

Courts have recognized the serious harms caused by child pornography.  In *New York v. Ferber*, 458 U.S. 747, 757 (1982), the Supreme Court concluded that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." The Court referenced several studies indicating that "[p]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution."  *Id*. at 759, n.10 (internal quotation marks and citation omitted).  Because the abuse is recorded, pornographic images haunt the child long after the original abuse occurred.  *Id.  See also Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (child pornography permanently records the victim's abuse; its continued existence "causes the child victims continuing harm by haunting the children in years to come"); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002) (since child pornography is "a permanent record of a child's abuse," its continued circulation "would harm the child who had participated;" each new publication "would cause new injury to the child's reputation and emotional well being").

**Government's Sentencing Memorandum**                                                      **Page 4**

Child pornography is not just an abstract concept, and the images are not just "pictures." The images depict real children, being sexually abused by adults in the most horrible ways. The abuse is real, the pain and suffering are real, and the realization that images of the abuse continue to be circulated only sharpens and prolongs the agony for the victims and their families. *See United States v. Blinkinsop*, 606 F.3d 1110, 1117-18 (9th Cir. 2010) (images and videos showing children engaged in sexual activity "is intrinsically related to the sexual abuse of children," because such documentation "is a permanent record of the children's participation and the harm to the child is exacerbated by their circulation," the victims "endure ongoing harm because their images have been preserved in a permanent medium") (internal quotation marks, citations, and footnote omitted). *See also United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) ("possessing child pornography is not a victimless crime; it fuels the demand for the creation and distribution of child pornography," and evidence shows "the harm that children suffer when they are used in the creation of child pornography and when that pornography is distributed to others").

### D.    Restitution

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). Recoverable losses include medical services relating to psychiatric or psychological care, necessary transportation costs, temporary housing costs, and "any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(3). The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family member." 18 U.S.C. § 2559(c). The

**Government's Sentencing Memorandum**                                    **Page 5**

Ninth Circuit has described § 2259 as a statute "phrased in generous terms, in order to compensate victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).

The government bears the burden of proving losses for restitution by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). Mathematical precision is not required because the assessment necessarily "involves the use of discretion and sound judgment." *Paroline v. United States*, 134 S. Ct. 1710, 1727 (2014). *See also United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007) (courts addressing restitution orders under § 2259 "have not imposed a requirement of causation approaching mathematical precision"). Nonetheless, the defendant's criminal conduct must be the proximate cause of the victim's losses. *Paroline*, 134 S. Ct. at 1722. A restitution award must be "adequately supported by evidence in the record," and the court must set forth its reasons when resolving disputes regarding the amount of restitution. *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011).

The government has received restitution requests from two victims. The government and defendant are currently discussing restitution and may come up with an agreed upon amount. The parties request restitution be set out for 90 days.

### E.      Government's Recommended Sentence

At 37 years old, Lair is before the court for receipt of child pornography. Lair appears to have a long history of substance abuse and mental health issues. A low-end guideline sentence balances the aggravating factors in this case against his mental health and substance abuse issues. It represents a fair resolution that protects the public and acknowledges defendant's difficult personal issues.

**Government's Sentencing Memorandum** **Page 6**

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a 97-month sentence, followed by a 5-year term of supervised release subject to the standard and special conditions recommended by the PSR writer; and a $100 fee.

Dated: January 26, 2022.

Respectfully submitted,

SCOTT E. ASPHAUG
United States Attorney

*/s/ Judith R. Harper*
JUDITH R. HARPER, OSB #903260
Assistant United States Attorney